Dear Mr. Brown:
This opinion is in response to your question asking:
 "As of January 1, 1979, what is the salary of the prosecuting attorney in all second class counties other than counties of the second class having a population of more than 100,000 inhabitants based on the 1970 Census, or in the counties of the second class having a population of more than 30,000 based on the 1970 Census and containing part of a city having a population of more than 450,000, and of counties of the second class having a population of more than 80,000 but less than 90,000 based on the 1970 Census?"
You also state that your request concerns an interpretation of Section 56.270 as amended by both House Bills 1121 1257 and Senate Bill 69, both of the Second Regular Session, 79th General Assembly.
Both of these bills amended Section 56.270, RSMo Supp. 1975, relating to the compensation of prosecuting attorneys in second class counties.
The amendment made to Section 56.270 by House Bills 1121 1257 provides as follows:
 "The prosecuting attorney in all counties of the second class having a population of more than one hundred thousand inhabitants based on the 1970 Census, or in the counties of the second class having a population of more than thirty thousand based on the 1970 Census and containing part of a city having a population of more than four hundred and fifty thousand, and of counties of the second class having a population of more than eighty thousand but less than ninety thousand based on the 1970 Census shall receive for his service an annual salary of twenty-seven thousand five hundred dollars. The prosecuting attorney in all other counties of the second class shall receive for his services an annual salary of twenty-one thousand dollars."
The category with which you are concerned is that which is enumerated in the last sentence of such amended section which refers to the prosecuting attorney in "all other counties of the second class."
Senate Bill 769 amended Section 56.270 so that the resulting provisions are similar to those contained in Section 56.270 as amended by House Bills 1121 1257 except that the salary provided for the prosecuting attorney in "all other counties of the second class" was prescribed as nineteen thousand dollars in Senate Bill 769.
Section 56.270, rSMo Supp. 1975, was similar to the provisions as amended by both House Bills 1121 1257 and Senate Bill 769 except for the salaries provided and except that both amended versions contained the language "based on the 1970 Census" in the three places where it is now found in such amended bills. The provisions of Section 56.270, RSMo Supp. 1975, provided for a salary of nineteen thousand dollars for the prosecuting attorney in "all other counties of the second class." It is clear, therefore, that with respect to such prosecuting attorneys in "all other counties of the second class" Senate Bill 769 merely continued the old provisions for an annual salary of nineteen thousand dollars whereas the provisions of such section as amended by House Bills 1121 1257 provided for an increase in such salaries of prosecuting attorneys in such other counties to twenty-one thousand dollars.
Section 56.270 as amended by House Bills 1121 1257 became literally effective August 13, 1978, and Senate Bill 769 became literally effective August 13, 1978. Clearly, the increase in compensation could not take effect as to incumbent prosecutors during their terms of office. Section 13, Article VII, Missouri Constitution. Such prosecutors, however, began a new term on January 1, 1979, and that is the date to which you refer. Section56.010, RSMo.
In our Opinion No. 180-1978, copy enclosed, this office set out what we believe to be the appropriate rules of construction for the interpretation of the type of conflict we have here. In that opinion we expressed the view that we should not follow mechanical rules of construction but instead should attempt to arrive at the legislative intent by reading the provisions of both acts together and in doing so give effect to the new provisions of the acts and disregard conflicting old provisions which were merely reenactments of the repealed law.
Using the construction which we adopted in Opinion 180-1978 we conclude that the salary of the prosecuting attorney in "all other counties of the second class", which includes Cole County, as of January 1, 1979, would not be nineteen thousand dollars as provided for in the repealed law and in Senate Bill 769 but would be twenty-one thousand dollars as provided for in the new provision contained in House Bills 1121 1257.
CONCLUSION
It is the opinion of this office that the annual salary of the prosecuting attorney of Cole County, Missouri, is twenty-one thousand dollars pursuant to the provisions of Section 56.270, House Bill Nos. 1121 1257, Second Regular Session, 79th General Assembly.
The foregoing opinion which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 180-1978